José Nazario, Plaintiff and Appellant, *v.* Manuel V. Domenech, Treasurer of Puerto Rico, Defendant and Appellee.

No. 5439.   Argued December 15, 1931.—Decided July 12, 1932.

*Leopoldo Tormes* for appellant.   *James R. Beverley, Attorney General* and *R. Cordovés Arana, Assistant Attorney General,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

This is an action to recover taxes paid under protest. The plaintiff José Nazario is engaged at Ponce in the business of importing coffee to be sold in Puerto Rico wholesale and retail.   He alleges that in compliance with Act No. 19 of 1928 (Sess. Laws p. 146) entitled "An Act to regulate the sale of foreign coffee whether pure or mixed with Puerto Rican coffee, and to provide funds to defray the expenses of such regulation and for other purposes," he was compelled to pay and did pay under protest the sum of $1,353 from July 10, 1929 to June 7, 1930.   He claims that said sum represents an illegal tax as the act imposing the same is unconstitutional, and therefore he prays that it be refunded to him, together with interest and costs.

The People of Puerto Rico demurred to the complaint on the grounds that it had not given its consent to be sued, and that the complaint did not state facts sufficient to constitute a cause of action.   This demurrer was sustained, and upon

plaintiff waiving his right to amend the complaint, a judgment of dismissal was entered, without special imposition of costs. The plaintiff thereupon took an appeal to this Court.

He assigns two errors in his brief, thus: The court erred in holding that the plaintiff could not resort to the remedy granted by Act No. 8 of 1927 (Sess. Laws, p. 122), for the recovery of taxes paid under protest, and it erred in holding that Act. No. 19 of 1928, *supra,* also regulating the sale of coffee, was not unconstitutional.

In the case of *Nazario* v. *Gallardo, Treasurer,* 40 P.R.R. 760, both questions were considered and decided against the theory maintained by the appellant in the instant case. However, subsequent to that holding, this same Court decided the case of *Suazo* v. *Lugo,* 42 P.R.R. 56, and the Circuit Court of Appeals that of *Lugo* v. *Suazo,* on the 7th of last June, which favor the appellant.

It had been definitely held by this Court in the *Suazo* case, *supra,* that Act No. 19 of 1928, is unconstitutional but not that it imposes a tax. In the opinion, which was delivered by Mr. Justice Texidor, it is said:

"Do such provisions of the 1928 Act regulating the sale of foreign coffee contain any imposition of taxes or do they authorize an inspection fee?

"This seems to be one of the most important points in the case, and if this were so a decision could already be found, that of *Nazario* v. *Gallardo, Treasurer, supra,* where it was said that the law created an inspection fee.

"In the *Nazario* cases, *supra,* the most important question was whether it was a tax wherein recovery of the tax paid could be had by paying under protest."

"In the present case the appellant through his attorney, Juan B. Soto, raises the question in other terms: Whether, be it the case of an inspection fee or of a tax, the Legislature could create an inspection, of a privileged or discriminative character, in favor of some dealers in Puerto Rican coffee to the prejudice of other dealers in foreign coffee within the same territory."

The judgment of this Court was appealed to the U. S. Circuit Court of Appeals for the First Circuit. In deciding the case, that Court began its opinion as follows:

"The principal question in this case is whether the Puerto Rican Act of 1928 (No. 19) regulating the sale of foreign coffee can be supported as a valid inspection law or is to be regarded as imposing an internal revenue tax discriminating against foreign coffee after it has been brought into the island for sale, in violation of section 3 of the Organic Act of Puerto Rico."

It then examined the facts of the case in issue, the law and the authorities, and further said:

"Applying the principle laid down in the Foote Case, the fund raised by the act of 1928 is presumptively more than is necessary to defray the expenses of its enforcement and is in the nature of a tax, for the act provides that the fund shall be used to pay other expenses than those of inspection, and the government introduced no evidence showing that the fund was not in fact more than was reasonably necessary for inspection."

In its reasoning it goes on to say:

"It is certain that the tax imposed upon foreign coffee discriminates against it and in favor of coffee produced solely and entirely in Puerto Rico, and it being an internal revenue tax, the act imposing it contravenes the provision of section 3 of the Organic Act as amended and is invalid. *Walling* v. *Michigan,* 116 U. S. 446.

"It has been intimated that the provisions of the act of 1928 requiring licenses and imposing license fees of $80 a year on wholesale dealers, $20 a year on retail dealers, and like sums on their agents, are in themselves a tax on an occupation. If these license fees are taxes on an occupation, they are, nevertheless, internal revenue taxes and, being discriminatory—for no such license fees are required of dealers in Puerto Rican coffee—their imposition as such would be invalid and in contravention of section 3 of the Organic Act as amended. *Walling* v. *Michigan,* 116 U. S. 446."

It concluded by saying:

"The Supreme Court of Puerto Rico in this case held that the act of 1928 was an inspection law, but discriminated against dealers in foreign coffee in favor of those dealing in Puerto Rican coffee

and was invalid as in violation of the equal protection clause of the Organic Act (section 2, as amended [48 USCA sec. 737] and the Fourteenth Amendment of the Constitution, and also as contravening the commerce clause by imposing an undue burden upon interstate and foreign commerce. It did not hold that it violated section 3 of the Organic Act as being a tax discriminating against articles imported from the United States or foreign countries and similar to articles produced or manufactured in Puerto Rico, for the reason that it regarded the charge imposed as an inspection fee and not a tax. The commerce clause does not extend to Puerto Rico; and in view of the conclusion here reached it is unnecessary to consider whether it violated section 2 of the Organic Act and the Fourteenth Amendment.

"While in the case of *Gallardo* v. *Questell*, 29 F. (2d) 897, this court held that Act No. 22 of 1919, the predecessor of the act of 1928, did not contravene section 2 of the Organic Act or the Fourteenth Amendment, it did not consider whether Act No. 22 contravened section 3 of the Organic Act and the pertinency of section 3 was not called to its attention, as no brief was filed or argument made in this court by the appellee in whose favor the United States District Court of Puerto Rico had held the act invalid.

"For the reasons we have given the order is:

"The judgment of the Supreme Court of Puerto Rico is affirmed with costs to the appellee." 59 F. (2d) 386.

This being the last pronouncement of the authorities, the holding in the case of *Nazario* v. *Gallardo, supra,* is overruled, and consequently it must be acknowledged, not only that Act No. 19 of 1928 is unconstitutional but also that, as it imposes a tax, payment under protest could have been made and refund thereof claimed under Act No. 8 of 1927.

The judgment appealed from must be reversed and another rendered instead holding that the district court has jurisdiction to take cognizance of the cause and that the complaint states facts sufficient to constitute a cause of action; and the case remanded for further proceedings in accordance with this opinion.

Mr. Justice Córdova Dávila took no part in the decision of this case.